PD-0268-18

PD-0268-18
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/9/2018 3:39 PM
Accepted 3/9/2018 4:14 PM
DEANA WILLIAMSON
CLERK

PD NO. _____

IN THE TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN

FILED
COURT OF CRIMINAL APPEALS
3/9/2018
DEANA WILLIAMSON, CLERK

……………………………………………………………………………

NO. 14-16-00843-CR

IN THE COURT OF APPEALS FOR THE

FOURTEENTH DISTRICT OF TEXAS

AT HOUSTON

……………………………………………………………………………

TRIAL COURT NO. 1462169

IN THE 248TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS

……………………………………………………………………………

DENNIS ANTHONY WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

……………………………………………………………………………

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

……………………………………………………………………………

**NICOLE DEBORDE**
Attorney for Appellant
TBA No. 00787344
712 Main St, Suite 2400
Houston, Texas 77002
Telephone: (713) 526-6300
Fax: (713) 228-0034
Email: Nicole@debordelawfirm.com

i

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. R. 68.4(a), the following is a list of all parties to the trial court's judgment as well as the names and addresses of trial and appellate counsel.

Appellant:                    Dennis Anthony Williams
TDCJ Number 02095920
Huntsville Unit
815 12th Street
Huntsville, TX 77348

Presiding Judge:           Hon. Regan Clark
248th Judicial District Court
Houston, TX  77002

Trial Prosecutor           Mr. Patrick Stayton
Mrs. Katie Warren
Assistant District Attorneys
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002

Defense Counsel:          Mr. George Tennant
Attorney at Law
723 Main Street
Houston, Texas 77002

State's Appellate Counsel:   Travis Dunlap
Harris County District Attorney
1201 Franklin
Houston, Texas 77002

Appellant's Counsel:       Nicole DeBorde
Bires, Schaffer and DeBorde
712 Main St., Suite 2400
Houston, Texas 77002

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. PROC. 68.4(c), appellant does not request oral argument.

# TABLE OF CONTENTS

Identity Of Parties And Counsel ................................................................... ii

Statement Regarding Oral Argument ........................................................... iii

Index Of Authorities ....................................................................................v

Statement Of The Case ................................................................................1

Statement Of Procedural History ................................................................5

Question For Review Number One: ..............................................................6

             If A Lawyer In Advance Of A Punishment Hearing Fails
             To Contact Any Witnesses, Fails To Provide Any
             Information To The Court And, Besides Making A
             Obviously False Argument, Provides No Other Form Of
             Advocacy, Is The Deficient Representation
             "Presumptively Unreliable"? ................................................6

Argument ....................................................................................................6

Prayer For Relief .........................................................................................8

Certificate Of Compliance .........................................................................10

Certificate Of Service ................................................................................10

Appendix ...................................................................................................11

# INDEX OF AUTHORITIES

**Cases**

*Florida v. Nixon,*
542 U.S. 175 (2004) ...................................................................................7

*Head v. State,*
299 S.W.3d 414 (Tex.App.—Houston [14th Dist.] 2009, pet. ref'd) ..............8

*Hernandez v. State,*
726 S.W.2d 53 (Tex. Crim. App. 1986). .......................................................7

*Medina v. State,*
2017 WL 4410269 (Tex. Crim. App. 2017)................................................8, 9

*Powell v. Alabama,*
287 U.S. 45 (1932) ....................................................................................6

*State v. Frias,*
511 S.W.3d 797 (Tex.App—El Paso 2016, pet. ref'd) ...................................8

*Strickland v. Washington,*
446 U.S. 668 (1984) ................................................................................5, 7

*United States v. Cronic,*
466 U.S. 648 (1984)..................................................................................7

**Statutes**

TEX. CONST. ART. I, §10 .............................................................................6
TEX. R. APP. PROC. 66.3(c) ........................................................................9
TEX. R. APP. PROC. 68.4(c) ....................................................................... iii
TEX. R. APP. PROC. 78.1(d ........................................................................9
TEX. R. APP. R. 68.4(a ............................................................................. ii
U.S. CONST. amends. VI and XIV.................................................................6

v

TO THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

Appellant was charged and ultimately convicted of penetrating his step-daughter's sexual organ with his finger. (C.R. 10). After setting his case for trial and after wavering while a jury was in the hallway, Appellant agreed to plead guilty to the court in exchange for a pre-sentence investigation with an open punishment range capped at twenty-five years. (C.R. 221; R.R. Vol. 1 at 114-15). Almost immediately after entering his plea, Appellant regretted his decision. He told the PSI writer he was not guilty and wanted to withdraw his plea. (State Ex. 2). He also filed a pro se motion to withdraw his plea and remove his attorney, George Tennant, from the case. (R.R. Vol. 1 at 154-5; C.R. 208-12).

Tennant likewise moved to withdraw himself from the case just prior to beginning Appellant's punishment hearing, claiming it was "virtually impossible" to continue to represent Appellant. (State Ex. 3 at 6). Tennant's co-counsel, Dana Bradberry, concurred telling the court, ". . .it's in no one's best interest for us to continue on this case." (State Ex. 3 at 6-7).

During the same hearing, however, Appellant stated he no longer wished to withdraw his plea and instead wanted to continue his punishment hearing with Tennant and Bradberry as his attorneys. (State Ex. 3 at 10). As a result, the trial court summarily denied both Appellant's and Tennant's motions to withdraw from

1

the case as well as Appellant's motion to withdraw his guilty plea. (State Ex. 3 at 11).

Proceeding immediately into Appellant's punishment hearing, neither side presented any witnesses or offered any evidence besides the PSI report. (State Ex. 3 at 13). Tennant then requested and made a "brief argument." (State Ex. 3 at 13). In this argument Tennant suggested Appellant deserved a sentence where he could work in the community, even though community supervision was not a part of the punishment range. (State Ex. 3 at 15). Further, Tennant strangely asserted Appellant deserved a lenient sentence because, despite Appellant's motion to withdraw his guilty plea, despite Appellant's claim of innocence in the PSI report, and despite there being no indication in the record of an acceptance of responsibility, Appellant had "owned up" and "taken ownership" of the crime. (State Ex. 3 at 14). Further undermining any acceptance of responsibility was Tennant's additional argument that Appellant's actions were really the result of the child complainant who "manipulated" Appellant into "petting and foreplay." (State Ex. 3 at 14-16). After skeptical questioning from the court, Tennant explained Appellant, a fifty year old man, "should have been warned about the potential powder keg he was walking into by the (complainant's) family" because Appellant "wasn't equipped to deal" with a 10-12 year old girl's sexual advances. (State Ex. 3 at 16). The trial court responded flatly that it "doesn't sound like. . . he's taken

any responsibility whatsoever for his actions." (State Ex. 3 at 16). The trial court then sentenced Appellant to the maximum sentence of 25 years and explained, "what I read in this Presentence Investigation Report is a man that still has a very defiant attitude, which belies the argument from counsel that he has some remorse for what he did." (State Ex. 3 at 20).

Appellant timely gave notice of intent to appeal and filed a Motion for New Trial. In Appellant's hearing on the Motion for New Trial, several witnesses testified to Appellant's good character and claimed that, if they had only been informed, they would have appeared to testify at Appellant's punishment hearing. (R.R. Vol. 1 at 11-91). These witnesses included Appellant's sisters, his brother-in-law, his ex-wife, and his former step-daughter.

Tennant also testified at Appellant's hearing on his Motion for New Trial and acknowledged several fundamental failures. He acknowledged he failed to contact any of Appellant's potential punishment witnesses. (R.R. Vol. 1 at 109). He acknowledged he did not attend, and had no explanation for not attending, Appellant's PSI interview in which Appellant denied committing the charged offense. (R.R. Vol. 1 at 107). Tennant acknowledged not making any contribution to the PSI report—other than, curiously, "the defendant's mindset." (R.R. Vol. 1 at 146, 152). The only information Tennant could claim credit for "preparing for the court" was that Appellant was a productive member of society with no criminal

3

history who was ready to take responsibility for his actions. (R.R. Vol. 1 at 107). Tennant claimed to have "prepared" this information by raising it through closing argument, though Tennant also agreed that Appellant himself had submitted all of this same information directly to the PSI writer. (R.R. Vol. 1 at 107, 110). Tennant conceded that, at most, he had visited Appellant in jail one time between Appellant's plea and sentencing—though Tennant had no specific recollection of visiting Appellant at all. (R.R. Vol. 1 at 109-110). And Tennant was unsure whether he read the PSI report before arriving to court on the day of Appellant's punishment hearing. (R.R. Vol. 1 at 111).

Tennant explained he had no legal strategy for most of these failures and did not seem to understand his failures rendered his representation deficient. The only semblance of a strategy Tennant could claim pertained to Tennant's failure to contact any witnesses on Appellant's behalf. On this point Tennant claimed Appellant instructed him not to contact any family members because Appellant believed they had "suffered enough." (R.R. Vol. 1 at 110). This claim, however, could not be verified through any documentation in Tennant's trial file and Tennant refused to produce his file—despite Appellant's repeated requests. (R.R. Vol. 1 at 92-102).

The trial court, after hearing from all the witnesses in the hearing on Appellant's Motion for New Trial, seemed to assume Tennant's representation was

4

below the objective standard set forth in *Strickland v. Washington.* But the trial court did not make a specific finding that Tennant was objectively deficient in his performance. (R.R. Vol. 1 at 188-89). Rather, the court found Appellant's outcome was not affected by Tennant's failures and that the court would still have sentenced Appellant to 25 years in prison regardless of any purported ineffectiveness. (R.R. Vol. 1 at 189).

**STATEMENT OF PROCEDURAL HISTORY**

On March 24, 2015, a warrant for Aggravated Sexual Assault of Child was issued for Appellant alleging he penetrated the complainant with his finger on December 18, 2014. (C.R. 10). On August 15, 2016, Appellant entered a plea of guilty with a sentencing cap of twenty-five years. (C.R. 189-90). On October 14, 2016, the trial court conducted a pre-sentence investigation hearing and sentenced Appellant to twenty-five years in prison. (C.R. 221). Appellant timely filed a motion for new trial on November 11, 2016. (C.R. 246). In the motion, Appellant alleged he received ineffective assistance of counsel during both the guilt/innocence phase and punishment phase of trial. (C.R. 246-70). The trial court held a hearing and overruled this motion on December 21, 2016. (R.R. Vol. 1[1]). In that hearing, Appellant opted not to pursue any allegations regarding his

---

[1] The reporter's record contains two different volumes entitled "Volume 1". One is the plea colloquy, the other is the motion for new trial hearing. In this brief, "Volume 1" will refer exclusively to the record of Appellant's motion for new trial hearing held on December 21, 2016.

5

trial counsel's guilt/innocence ineffectiveness. (R.R. Vol. 1 at 8). Instead, Appellant sought to exclusively raise his trial counsel's ineffectiveness during the punishment phase of trial. (R.R. Vol. 1 at 8). The trial court denied Appellant's motion for new trial. (R.R. Vol. 1 at 190). Appellant gave timely notice of his intent to appeal and the trial court's certification of Appellant's right of appeal certifies Appellant has received the trial court's permission to appeal even though Appellant received a plea bargain. (C.R. 224, 226).

On February 8, 2018, the Fourteenth Court of Appeals affirmed the trial court's sentence. Appellant now timely brings this petition for discretionary review.

## QUESTION FOR REVIEW NUMBER ONE:

If A Lawyer in Advance of a Punishment Hearing Fails to Contact Any Witnesses, Fails to Provide Any Information to the Court and, Besides Making a Obviously False Argument, Provides No Other Form of Advocacy, is the Deficient Representation "Presumptively Unreliable"?

## ARGUMENT

A criminal defendant has the right to the effective assistance of counsel. U.S. CONST. amends. VI and XIV; TEX. CONST. art. I, §10; *Powell v. Alabama*, 287 U.S. 45 (1932). Counsel's assistance is ineffective if it falls below an objective standard of reasonableness and prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The United

6

States Supreme Court, in *Strickland,* provided a two-part test for ineffectiveness by evaluating whether counsel's performance: **(I)** was deficient and (2) caused prejudice. 466 U.S. 668, 687 (1984).

However, in *Florida v. Nixon*, the U.S. Supreme Court described a narrow exception to *Strickland*'s holding where the second prong requiring a showing of prejudice can be presumed. 542 U.S. 175 (2004); (citing *United States v. Cronic*, 466 U.S. 648, 656-57 (1984); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversarial process itself presumptively unreliable." *Nixon*, 466 U.S. at 659.

The Fourteenth Court of Appeals held that Appellant's trial counsel did not "entirely fail to subject the prosecution's case to any meaningful adversarial testing." *Williams v. State,* page 14 (*citing State v. Frias,* 511 S.W.3d 797, 810 (Tex. App—El Paso 2016, pet. ref'd); *Head v. State,* 299 S.W.3d 414, 443 (Tex. App.—Houston [14th Dist]. 2009, pet. ref'd)). The Court of Appeals concluded trial counsel's negotiation for a sentencing cap and pursuit of a dismissal of an additional charge, along with the fact that counsel "advocated for appellant in his argument to the trial court and objected to a portion of the State's argument" was sufficient to show counsel had not "entirely failed." *Williams v. State,* page 14.

7

Appellant would note, however, the Court of Appeals opinion omits mention of *Medina v. State*, which reversed for a new punishment hearing and held the failure "to present any punishment phase case" deprived the accused "of his right to a fair trial." 2017 WL 4410269 (Tex. Crim. App. 2017). Appellant's case, like *Medina,* involves a defense counsel who totally failed to "present any punishment phase case." *Id.* As a result, *Medina,* and not *Frias* or *Head*, should be controlling.

This case is therefore appropriate for discretionary review because the Court of Appeals has decided an important question of state and federal law in a way that conflicts with the applicable decision of the Court of Criminal Appeals. TEX. R. APP. PROC. 66.3(c).

## **PRAYER FOR RELIEF**

Wherefore, appellant prays that this Honorable Court grant appellant's petition for discretionary review; that this cause be set for submission to the Court of Criminal Appeals; and that, after submission, this Court reverse the judgment of the Court of Appeals, and remand the case to the trial court for a new punishment hearing. TEX. R. APP. PROC. 78.1(d).

Respectfully submitted,


*/s/ Nicole DeBorde*
TBA No. 00787344
712 Main St, Suite 2400
Houston, Texas 77002
Telephone: (713) 526-6300
Fax: (713) 228-0034
Email: Nicole@debordelawfirm.com

Counsel for Appellant,
DENNIS WILLIAMS

## CERTIFICATE OF COMPLIANCE

The word count of the countable portions of this computer-generated document specified by Rule of Appellate Procedure 9.4(i), as shown by the representation provided by the word-processing program that was used to create the document, is 2420 words. This document complies with the typeface requirements of rule 9.4(e), as it is printed in a conventional 14-point typeface with footnotes in 12-point typeface.

*/s/ Nicole DeBorde*
NICOLE DEBORDE

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Appellant's petition for discretionary review was served via e-mail delivery through eFile.TXCourts.gov on March 9, 2018 to the following persons:

Kim Ogg
District Attorney
Appellate Division
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

*/s/ Nicole DeBorde*
NICOLE DEBORDE

# APPENDIX

**Opinion of February 8, 2018.**